## WAKELEY and another vs. DELAPLAINE and another.

After judgment for the plaintiff in ejectment, and after he was put in possession of the premises by the sheriff, the defendant took an order for a new trial under the statute, and the cause was afterwards dismissed by a stipulation of the parties, entered by the clerk in the rule book, which stated also that the costs were paid. *Held*, that the stipulation would have authorized a judgment for the defendant, with an order that he be put in possession.

But no such judgment having been entered, this court would not interfere with an order which was made by the court below, directing the plaintiff to deliver the possession to the defendant.

APPEAL from the Circuit Court for *Dane* County.

Ejectment. Verdict and judgment for plaintiffs. On the the 6th of April, 1860, they were put in possession by the sheriff. The next day, on the application of the defendants, the court made an order for a new trial. On the 19th of October, 1861, the plaintiffs and the attorney for the defendant signed a stipulation, which was filed and entered by the clerk in the rule book on the same day, stating that the case was dismissed and the costs paid. The plaintiffs paid the

June Term,
1862.

WAKELEY et al.
v.
DELAPLAINE et
al.

defendants' attorney a fee of twenty-five dollars, and also paid the disbursements in the action. The plaintiffs having refused to restore the premises on demand, the defendants moved the court for an order to compel them to do so, which the court, on the 11th of November, 1861 refused. A motion to set aside the discontinuance and place the cause on the calendar for trial having been subsequently made, the court, on the 2d of January, 1862, overruled the motion, but set aside its order of November 11th, 1861, and ordered the plaintiffs to restore the possession to the defendants. From this order the plaintiffs appealed.

*Wakeleys & Vilas,* for appellants :

Such an order as the one appealed from is an anomaly in the law. Two parties are in controversy about property. The controversy has been decided in favor of the plaintiffs, and they take possession of the property under the execution of the court. The defendants get the privilege of a new trial. At this stage the whole controversy is settled, and the plaintiffs pay the costs. The court thereupon takes away from the successful party the property, the fruits of his litigation, procured by verdict and judgment, and confirmed by settlement and purchase, and by a mere order requires the possession to be delivered over to the parties whose title has been conclusively disposed of by such judgment. There is no law for the transfer of property from one man to another by an order of court. It abolishes the right of a trial by jury in a common law case. In fact there is no trial at all, nor any process of law. Our statute (R. S., ch. 132, sec. 25,) defines a judgment to be the final determination of the rights of the parties in the action. The chapter on executions (ch. 134,) provides that the party in whose favor a judgment has been rendered, may enforce it by execution ; and in the enumeration of the different kinds of executions, is one for the possession of real estate. But here we have a proceeding called an order, that, in addition to answering the purposes of a trial and verdict, determines and enforces the final rights of parties, and is, therefore, a judgment and execution. The order could be made out of court by a commissioner. R. S., ch. 140, sec. 29, et seq. The scope given

June Term, 1862.

Wakeley et al.
v.
Delaplaine et al.

to an order in this case, is evidently not contemplated by the statute, which provides the remedy of trial, judgment and execution to reach the case of the final determination of a controversy, and the enforcing of that determination. Had the stipulation not been made, the defendants could not have got a re-delivery of the property without a trial, and a verdict and judgment in their favor, when an execution could be issued. R. S., chap. 141, sec. 24. The same section also provides that the plaintiff's possession shall not in any way be affected by the vacating of the judgment and granting of a new trial, that is, by that proceeding the possession shall not go back to the defendant, but he must abide the determination of the case on another trial. The court refused to set aside the discontinuance and made no objection to the stipulation. The court must, therefore, have considered that a discontinuance of an action of ejectment after a new trial is allowed the defendant, is equal to a judgment and execution in the defendant's favor, and that too, although settled by the parties and the written evidence of the settlement put on file and entered according to rule of court. Rule 26. At most it is optional with the defendants to have a new trial, and in this case they chose not to have one. Although refusing to set aside the stipulation, yet the court, by a mere order, restored possession of the lots to the defendants, a result which would not have followed from setting aside the stipulation and vacating the discontinuance in a case of the grossest fraud—a result which could be attained only by another trial, and a judgment contrary to that first rendered. 2. The order made by the court on the 11th of November, 1861, after a hearing upon the merits of a motion for that purpose, refused to re-instate the defendants in possession of the premises. This order, unless appealed from or set aside for irregularity, determined finally the rights of the parties. It was a bar to a decision of the same subject matter on another motion. 3. The only motion before the court on the 2d of January, 1862, was that the discontinuance be vacated and the cause set down for trial. No other relief was asked either specifically or generally. The order asked for and that made, required to be opposed by entirely different kinds

of proof and argument.   The appellants were taken by sur-
prise.  *Hungerford vs. Cushing,* 8 Wis., 320.

*Julius T. Clark,* for respondent, to the point that the court
had power to make the order appealed from, cited *Smith vs.*
*Robinson,* 1 Mon., 14; *Thomas vs. Newton,* Peters' C. C. R.,
444; 7 Halstead, 321.

*By the Court,* COLE, J.   Considering the attitude of this
case when the stipulation of October 19th, 1861, was entered
into, we think no other or different effect can be given that
stipulation than to say it remitted the parties to the same
position and rights enjoyed by them when the litigation com-
menced.    It appears to us that this is the direct legal effect
and consequence of a discontinuance of the suit by the plain-
tiffs.   It is true they had been put into possession of the
premises in dispute, but how ?   By commencing their action
of ejectment, having a trial, obtaining a judgment, and issu-
ing an execution for the delivery of the possession of the
premises to them.    The respondents then made an applica-
tion for a new trial under the statute, which was granted by
the court.   And while the cause was in this position—the
right to the property and its possession being undetermined—
the plaintiffs dismissed their suit. They now claim the right
to retain and hold the property, the possession of which they
obtained through a suit which they have voluntarily aban-
doned.    Suppose they had instituted a suit for the posses-
sion of personal property, and after having got the property
into their possession by means of the process of the court,
should then dismiss their suit; could they still retain the
property thus acquired ?   It is quite obvious to my mind
that they could not.   And it is equally clear that they can-
not retain and hold real estate the possession of which they
obtained under precisely similar circumstances.

We think the stipulation would have authorized a judg-
ment in favor of the respondents, with an order giving them
possession.   And we are inclined to the opinion that this
would have been the better course to have pursued.   But
the same result is substantially reached by the order which

was entered, and we are not disposed to interfere with it because some other practice might have been adopted.

It was said that the execution of this stipulation was in every way a fair, open transaction, as much so as the dismissal of any cause in open court. It is not necessary to controvert this statement. We do not set aside the stipulation on account of any fraud or deception practiced in obtaining it. We let the stipulation stand, and give to it the effect which we think it must have upon the suit and the rights of the parties. It simply places them in the same position they occupied before the litigation commenced. Such, we think, must be the effect and legal consequence of discontinuing the suit. If the situation of the parties, or their relations to the property, had been changed by the litigation, they were to be reinstated in the rights they occupied and enjoyed prior to the commencement of the action.

It is said this order is anomalous—that a controversy about property had been decided in favor of the appellants, when the court interferes and takes away by this order, from the successful party, the fruits of the litigation. But the error in this position is in assuming that the controversy has been decided in favor of the appellants, when in truth and fact it was still undetermined and unsettled, and they saw fit to discontinue the suit rather than prosecute it further. And all the court attempted to do was, to give full effect to a stipulation voluntarily entered into between the parties.

It follows from these views that the order of the circuit court must be affirmed, with costs.