SPEAR, Respondent, vs. DOOR COUNTY, Appellant.

*February 3 — February 23, 1886.*

TAX TITLES: EQUITY: APPEAL TO S. C. *(1, 2) When grantor or mortgagor of land may bring action to set aside taxes: When taxes are "levied." (3) Laches: Failure to prosecute former suit. (4) What will be reviewed on appeal from order directing reassessment. (5) When taxes reassessed after injunction dissolved may be again attacked.*

1. One who has conveyed land with covenants of warranty may maintain an action to set aside an ·illegal tax levied thereon while he was the owner thereof.

2. So, also, a mortgagor who covenanted in the mortgage to pay all taxes *subsequently levied* on the land, may, after foreclosure and sale, maintain an action to set aside an illegal tax which, after the execution of the mortgage, became a specific lien upon the land by being extended upon the tax roll.

3. The fact that an action to set aside and restrain the collection of taxes was dismissed for want of prosecution six years after being instituted,— no fault of the plaintiff being shown,— is not a bar to a subsequent action to set aside certificates of the sale of lands for the nonpayment of the same taxes after a reassessment thereof.

4. In an action to set aside tax certificates the court found that the assessment of real property on which such certificates were based was void for reasons going to the groundwork of the tax and affecting all the property in the town, and also found that the highway

and school taxes included in the amount for which the land was sold were void, and ordered that all proceedings be stayed until a reassessment could be made, and that upon such reassessment the town officers should not charge upon the land the highway and school taxes so found to be void. *Held*, that an appeal from such order brings to this court for review only the question of the validity of the assessment of real property, and that the decision as to the highway and school taxes could be reviewed only on appeal from the final judgment. *Webster-Glover L. & M. Co. v. St. Croix Co.* 63 Wis. 647.

5. Where an injunction restraining the collection of taxes was dissolved for lack of prosecution, and not upon the merits, the fact that such taxes were properly placed upon the next tax roll (under sec. 1087, R. S.), does not validate them so that the land-owner may not attack their validity for causes going to the groundwork of the original assessment, and which show them to be unequal or unjust.

APPEAL from the Circuit Court for *Door* County.

The following statement of the case was prepared by Mr. Justice TAYLOR as a part of the opinion:

This action was brought by the respondent to set aside certain tax certificates, issued upon a tax sale made in 1883 for the nonpayment of the taxes assessed on certain lands situate in Door county. The taxes for which the lands were sold were first levied in the year 1875. An action was commenced by the respondent in 1876 against the town treasurer of the town in which said lands are situate, to set aside these taxes and restrain the return and sale of said lands for the nonpayment of the same. An injunction was issued in said action, restraining the collection or return of said taxes as delinquent. That action was never brought to trial, but the injunction was continued in force, and the taxes were not collected, nor were the lands returned as delinquent.

In 1882 that action was dismissed for want of prosecution, and the injunction was dissolved. Thereafter, and in 1882, the proper officers of the town of Gardner, in which said lands were situate, directed said taxes of 1875 to be

placed on the tax roll of that year as a tax on said lands for collection, claiming to do so under the provisions of sec. 1087, R. S. 1878. The lands were returned as delinquent as to these taxes, and sold by the county treasurer at the tax sale in 1883. This action was commenced within nine months after the tax sale in 1883.

The complaint charges that the taxes were illegal and void for several reasons. The first cause of complaint made by the respondent is that the assessors and board of review who made the assessment and equalized the same in the year 1875, when these taxes were first levied, "knowingly and fraudulently, with intent to make the respondent pay more than his just share of taxes, placed valuations upon his lands equal to or above the actual value; and upon much other property in said town, and taxable therein, the said assessors and the said board of review, with the intent to relieve the owners of such lands and property from paying their just share of the taxes, placed valuations greatly below the actual value of said lands and property, and upon such valuation the taxes for said year 1875 were computed in said town." It is also charged that certain tracts of land in said town, which were subject to taxation for that year, were purposely omitted from the assessment and tax roll, and that said assessment was not made from actual view. The complaint also charges that the highway taxes in said town that year exceeded $1,000, when by law it was illegal to levy a greater sum on the taxable property of said town than $1,000; and that certain school taxes and school district taxes, placed upon the tax roll, were illegal and void.

On the trial it was admitted that the respondent was on the 15th of November, 1875, the owner in fee of all the lands described in the complaint; that on the 1st of September, 1877, he conveyed a part of the lands described in the complaint, by warranty deed, with covenant against incumbrances, to one Thomas Spear; that on August 22, 1879, he

conveyed a part of said lands to one William Auger by a similar warranty deed; that on the 15th of November, 1875, he mortgaged the other tracts of real estate mentioned in his complaint to F. B. Gardner & Co., and covenanted in said mortgage to pay all taxes subsequently levied on the said mortgaged premises; that said mortgage was afterwards foreclosed, and the mortgaged premises sold, upon said foreclosure, to Anson, Seth, and Thomas Piper on the 8th of April, 1880, and that the Pipers own said mortgaged premises so sold to them upon the foreclosure of said mortgage. It was also admitted on the trial as follows: " That said Pipers purchased such mortgage and said premises by the procurement of said respondent, and that one consideration for said purchase, and of the price paid by said Pipers, was a verbal understanding between them and the respondent, and his promise to them that he would protect said premises from all prior taxes."

After trial the court found the facts admitted on the trial, as above stated, and found against the respondent on his allegation that his lands were wilfully assessed at more than their true value, and on the allegation that several parcels of land liable to taxation in said town were wilfully omitted from the assessment and tax roll. The court found as a fact " that, in making the assessment for 1875 for the town of Gardner, in which said lands are situate, the assessors and board of review for said town intentionally omitted, in the valuations which they placed upon improved farms, to include the value of improvements thereon, and such improved farms were wilfully assessed at less than their actual value, with intent to relieve their owners from the payment of their just proportion of the taxes." The court also found as a fact that the sum levied by said town for highway and bridge taxes for the year 1875 was $1,036.66, and that the population of the town was only 414; that the land claimed to be owned by the respondent and described in the complaint, was

charged with $30.10 more than its proportionate share of said road taxes; that in 1875 none of the clerks of the several school districts in said town delivered or filed with the clerk of the town the verified statement required by ch. 81, Laws of 1869; that the supervisors of *Door* county, in which the town of Gardner is situate, at their annual meeting in November, 1875, voted to levy $1,048.78 for a county school tax, but said board did not determine in any way the amount of such tax to be raised in each town for the support of common schools therein. The court also finds that the tax certificates included county school taxes, some of them school district taxes, and all of them road district taxes. The court also finds the commencement of the action in 1876, to enjoin the collection of said taxes, etc., and that said action was discontinued for want of prosecution in 1882, and prior to the action of the town board of the town of Gardner in placing said taxes upon the tax roll for 1882; that an injunction was issued at the commencement of said action, enjoining the said town from collecting said taxes, which injunction continued in force until said action was dismissed.

Upon the findings of fact the circuit court made the following order:

(1) "This being an action to avoid a tax sale, and to set aside certain tax certificates purchased and held by the defendant county, and a trial of said cause having been held at the general September term of said court (1884), and it appearing to the court from the evidence produced at said trial, and the court being of the opinion that said tax certificates should be set aside, and that one of the reasons for setting aside said sale and said certificates is that the assessment of real property on which said tax certificates are based is void: now, therefore, it is ordered that all proceedings herein be stayed until a reassessment of the property of the town of Gardner, in said county, in which the lands described in said tax certificates are situated, can be had in

accordance with the provisions of sec. 1210*b* of the Revised Statutes, as amended by sec. 5, ch. 255, Laws of 1879, ch. 128, Laws of 1881, and ch. 283, Laws of 1883."

(2) " That, in making said reassessment as provided for in said sec. 1210*b* as amended, the proper authorities of said town shall compute, on the valuations as found by said reassessment, and charge as taxes against the lands described in said tax certificates, the state tax, county tax, and town tax levied in said town for said year 1875, but shall omit to charge thereon the road district tax, the county school tax, and the school district tax for said year 1875; the same having been found void by the court, as appears from the findings of fact and conclusions of law made and filed herein."

(3) " That, after said assessment roll shall have been completed, the clerk of said town shall forthwith file said assessment and tax roll with the clerk of said court."

(4) " That, at any time before the expiration of twenty days after the filing of such assessment roll, the plaintiff, if he desires to contest the validity of such assessment, may file with the clerk of said court his objections in writing to such reassessment or tax roll, a copy of which objections shall, within five days after such filing, be served upon the attorney for the defendant, and proceedings thereon shall be had as provided by said sec. 1210*b* as amended."

From this order the county appeals to this court.

For the appellant there were briefs by *O. E. Dreutzer*, District Attorney, and *J. J. Tracy*, of counsel, and oral argument by *Mr. Tracy*.

*Henry T. Scudder*, for the respondent.

TAYLOR, J. The learned counsel for the appellant claim that the court should not have made the order in the case, (1) for the reason that the plaintiff did not show himself entitled to maintain the action, not being the owner of the

lands when the action was commenced; (2) because the court should have dismissed the complaint for laches in not bringing his action at an earlier day; and (3) on the ground that the finding of fact upon which the order is based is not sustained by the evidence.

In *Pier v. Fond du Lac Co.* 53 Wis. 421, this court expressly held that a grantor who had conveyed real estate with covenants of warranty, could, after making such conveyance, maintain an action to set aside an illegal tax levied upon such real estate while he was the owner thereof. We have no reason for doubting the correctness of that decision, and refer to the opinion in that case for the reasons in support of it. It is true, some of the lands in the case at bar were not conveyed by warranty deed, but those which were not were mortgaged, and the title of the plaintiff was sold upon a foreclosure of such mortgage to the present owners. In the mortgage the plaintiff covenanted to pay *all taxes subsequently levied* on said mortgaged premises. This mortgage was executed November 15, 1875, and must have been before the taxes for the year 1875 had been extended on the tax roll for that year. We think this was a covenant to pay all taxes which thereafter became a specific lien upon said lands by being extended upon the tax roll of the town in which they were situate. The rule fixed by statute as to who shall pay the taxes for the current year, as between grantor and grantee, when no agreement is made in respect to the same, goes upon the theory that the taxes are not a specific lien upon real estate until the tax roll is completed and the taxes extended on such roll. See sec. 1153, R. S. The grantor is not liable, on his covenant against incumbrances, for the taxes of the current year unless they have been extended on the tax roll at the date of his conveyance. At the date of the plaintiff's mortgage had he conveyed the lands by warranty deed, he would not have been liable for the payment of the taxes for the current

year, unless upon special agreement. We think, therefore, the covenant in the mortgage to pay all taxes subsequently levied on the lands mortgaged, covered the taxes thereafter charged against them upon the tax roll of 1875. The plaintiff brings himself within the rule laid down in *Pier v. Fond du Lac Co.*, without any reliance upon the parol contract admitted to have been made with the purchasers at the foreclosure sale.

The fact that the plaintiff had commenced a former action to restrain the collection of the same taxes sought to be avoided by this action, and that such action had been dismissed for want of prosecution, is not in itself a bar to this action. The reason why the action was not prosecuted is not disclosed, and we are unable to say that there may not have been good reasons for its long pendency and final dismissal, without fault on the part of the plaintiff. Besides that, the position of the plaintiff in regard to those taxes has been changed by the reassessment and sale of his lands upon such reassessment, and the plaintiff brought his suit promptly after the lands were sold for the reassessed tax.

As to the other point made by the counsel for the appellant, that the finding of the court "that the improved farms in said town were wilfully assessed at less than their actual value, with intent to relieve the owners from the payment of their just proportion of the taxes," is not sustained by the evidence in the case, we cannot agree with the learned counsel. We think the finding is clearly sustained by the evidence. This finding is a sufficient ground for staying the proceedings and directing a reassessment, for the purpose of determining how much of the taxes the plaintiff ought to pay to entitle him to relief in the action.

We must adhere to the decision of this court in *Webster-Glover L. & M. Co. v. St. Croix Co.* 63 Wis. 647, that, upon an appeal from this order, we cannot pass upon the correctness of the decision of the circuit court in holding that the

school taxes and road taxes are void, and that the plaintiff should not be required to pay any part of them in order to entitle himself to relief.

It is further insisted by the learned counsel for the appellant that as sec. 1087, R. S., made it the duty of the town board to place the taxes of 1875, the collection of which had been restrained by injunction, and which injunction had been dissolved in 1882, upon the tax roll of 1882, the validity of such taxes so placed upon the tax roll cannot thereafter be questioned for any cause. We are of the opinion that notwithstanding this section directs the town officers to place the taxes, the collection of which has been enjoined, upon the next tax roll, such direction does not validate such taxes, so that the owner of the real estate may not attack their validity for causes going to the groundwork of the original assessment, and which show that the taxes so placed upon the tax roll are unequal and unjust, in any case where such injunction has been dissolved for want of prosecution, and not upon the merits.

*By the Court.*— The order appealed from is affirmed, without prejudice to the appellant's right to contest the correctness of the rulings of the circuit court as to the school and road taxes, upon the entry of the final judgment in the action.