BISHOP, Respondent, vs. McGILLIS and others, Appellants.

*March 24 — April 12, 1892.*

*(1) Limitation of actions: Bar in favor of sheriff when not available to indemnitors. (2) Judgment of dismissal when a bar. (3) Joint tort-feasors: Election between remedies.*

1. Plaintiff's property was seized on attachment and sold on execution as the property of another person. In an action commenced more than three years thereafter against the sheriff, the attachment plaintiff, and the sureties of the latter on a bond of indemnity given to the sheriff, it is *held* that although the action is barred as against the sheriff by limitation of sec. 4223, R. S., such bar is not available to the other defendants, who, as to the plaintiff, are all principals and each separately and independently liable.

2. A judgment of dismissal, entered upon a mere stipulation to dismiss, is not a bar to a subsequent action for the same cause.

3. Where a party has separate and concurrent remedies against joint tort-feasors, the commencement of an action against some of them is not such an election between remedies as will prevent him, after the discontinuance of that action, from joining others of them in a subsequent action against one or more of the defendants in the prior action.

APPEALS from the Circuit Court for *Marinette* County.

The action is trover. " *McGillis*, as sheriff, under attachments against the property of Armstrong, on October 25, 1884, seized, and thereafter sold on executions in the attachment suits, a stock of goods. This action was begun October 14, 1890, against the sheriff, *King*, one of the attachment plaintiffs, and *Lombard* and *Wright*, his sureties on a bond of indemnity to the sheriff. The plaintiff claims title to the goods, and alleges their conversion by the seizure in one count, and by the sale in another. The separate answers of *McGillis, King*, and the sureties, after a general denial, contain four defenses to each count. The second and third are justifications under three concurrent attachments and executions. The fourth and fifth are of the

limitation of sec. 4223, R. S. The sixth and seventh plead a former judgment in the circuit court for Marinette county, in an action for the same cause by plaintiff against *McGillis* and one Beals and others, plaintiffs in one of such concurrent attachments. These pleas aver that the complaint in this and in the former action allege the same conversion, and that the answers in both actions interpose the same defenses; that *King*, on notice by the defendants in such former action, co-operated in the defense thereof; that on February 19, 1886, the parties thereto stipulated and agreed in writing that it should be discontinued without costs to either party; and that on the same day judgment of discontinuance on said stipulation was accordingly entered. The eighth and ninth defenses, in like manner, plead to each count a former judgment of the superior court of Cook county, Illinois, in an action for the same cause against *McGillis* and *King*. The parties to this action, it is averred, on April 29, 1890, stipulated and agreed in writing that it should be dismissed without costs to either party, and that thereupon on said day judgment was duly rendered dismissing the action.

" By separate demurrer to each of the three answers plaintiff challenged the fourth, fifth, sixth, seventh, eighth, and ninth defenses thereof. The court below overruled the demurrer to *McGillis'* answer as to the fourth and fifth defenses, sustained it as to the remaining defenses demurred to, and sustained the demurrers to the answers of *King* and his sureties *in toto;* that is, it held the defense of limitation available to *McGillis* only, and the defenses of former judgment bad as to all defendants. The decision in favor of *McGillis* was affirmed on appeal at the last term. *Bishop v. McGillis*, 80 Wis. 575. He now appeals from the order sustaining the demurrer to his other defenses, and *King* and his sureties respectively appeal from the orders against them."

For the appellants there was a brief by *Geo. G. Greene* and *Eastman & Mountain*, and oral argument by *Mr. Greene*. 1. The bar of limitation in favor of *McGillis* is available to his codefendants. The right of the plaintiff being destroyed as to the sheriff who actually did the wrongful official act, it cannot exist as to those who procured him to do it, or those who are for any reason liable for his doing it. *Auchampaugh v. Schmidt*, 70 Iowa, 642; *Ryus v. Gruble*, 31 Kan. 767; *State v. Blake*, 2 Ohio St. 147; *State v. Conway*, 18 Ohio, 234; *Bridges v. Blake*, 106 Ind. 332; *Welfare v. Thompson*, 83 N. C. 276; *Dawes v. Shed*, 15 Mass. 6; 1 Brandt, Suretyship, sec. 148. The wrongful act is really done by the sheriff; the execution plaintiff and indemnitors cause him to do it. They are liable for the sheriff's wrongful act by the maxim *qui facit per alium facit per se*. Limitation which bars the liability of the agent bars that of the principal. *Ware v. Galveston City Co.* 111 U. S. 170. 2. The action is barred by the former judgment of dismissal and discontinuance. 2 Black, Judgments, sec. 706; 1 Herman, Estoppel, 296; Freeman, Judgments, sec. 262; *Bank of the Comm. v. Hopkins*, 2 Dana, 395; *Merritt v. Campbell*, 47 Cal. 542; *Jarboe v. Smith*, 10 B. Mon. 257; *Phillpots v. Blasdel*, 10 Nev. 19; *Hoover v. Mitchell*, 25 Grat. 387; *Wohlford v. Compton*, 79 Va. 333; *Ford v. Roberts*, 14 Col. 291; *Thomason v. Odum*, 31 Ala. 108; *Pinner v. Edwards*, 6 Rand. (Va.), 675; *U. S. v. Parker*, 120 U. S. 89. 3. The commencement of the former action was an election of remedy which precludes this action. *Rodermund v. Clark*, 46 N. Y. 357; *Mariner v. M. & St. P. R. Co.* 26 Wis. 84; *Warren v. Landry*, 74 id. 144, 151; *Farwell v. Myers*, 59 Mich. 179; *Kennedy v. Thorp*, 51 N. Y. 174; *Lehman, D. & Co. v. Van Winkle*, 92 Ala. 443; *Bach v. Tuch*, 126 N. Y. 53; *Morris v. Rexford*, 18 id. 552; *Terry v. Munger*, 121 N. Y. 161. The bar resulting from such election was not removed by discontinuance or

dismissal of that action. *Nield v. Burton*, 49 Mich. 53; *Conrow v. Little*, 115 N. Y. 387, 393; *Terry v. Munger*, 121 N. Y. 161; *Farwell v. Myers*, 59 Mich. 179; 2 Herman, Estoppel, 1172, sec. 1045. When an injured party, having the option, elects to consider the injury the result of a joint act, it is inconsistent for him to treat it as a separate act. And it is equally inconsistent for the plaintiff here, after electing to treat the wrong as the joint act of some of the defendants, to proceed on the theory that it is the joint act of those defendants or any of them *and others.* Unless this is so, the plaintiff may, by varying the defendants in each action, concurrently or successively bring over 4,000 actions, there being twelve possible defendants; and while he could have but one satisfaction he could recover costs in each action. *Livingston v. Bishop*, 1 Johns. 290; *Kasson v. People*, 44 Barb. 347. It seems sufficient license to permit suit against any, all, *or* each of the wrong-doers. But aside from this consideration of policy, our conclusion is sustained by the authorities. 2 Black, Judgments, sec. 780; Freeman, Judgments, sec. 236; *Smith v. Rines*, 2 Sumn. 348; *Murray v. Lovejoy*, 2 Cliff. 191; *Sessions v. Johnson*, 95 U. S. 347.

For the respondent there was a brief by *Fairchild & Fairchild*, and oral argument by *H. O. Fairchild*. They argued, among other things: 1. The bar of limitation in favor of *McGillis* is not available to his codefendants. Such defendants do not stand to him in the relation of sureties. They are all joint trespassers and all principals. Whatever relations may exist between *them*, the law recognizes no difference between them in their relations to the party injured. Each one is liable for his own act, and the measure of his liability is full compensation for the wrong. *Hilmes v. Stroebel*, 59 Wis. 74; *Lovejoy v. Murray*, 3 Wall. 1; *Sessions v. Johnson*, 95 U. S. 352; *Bell v. Miller*, 5 Ohio, 250; *Bloss v. Plymale*, 3 W. Va. 393; *Cram v. Thissell*, 35

Me. 88; *State v. Smith,* 78 id. 260; Cooley, Torts, 135; *Bell v. Morrison,* 27 Miss. 68; *Ellis v. Esson,* 50 Wis. 138. They are all jointly and severally liable. The injured party may bring a separate action against each one, or may sue all or a part of them at his will. Pom. Rem. secs. 281, 282, 307, 309, 314; Cooley, Torts, 133, 134, 136, 137, 463; 1 Chitty, Pl. 385, 386; *Ellis v. Esson,* 50 Wis. 138; *Knott v. Cunningham,* 2 Sneed, 210; *United Society of Shakers v. Underwood,* 11 Bush. 265; *Lovejoy v. Murray,* 3 Wall. 1; *Sessions v. Johnson,* 95 U. S. 352; *Blann v. Crocheron,* 54 Am. Dec. 205 and cases cited in note; *Emery v. Hapgood,* 7 Gray, 55; *Rice v. Coolidge,* 121 Mass. 393; *Payne v. Green,* 10 Sm. & M. (Miss.), 507; *Sprague v. Birchard,* 1 Wis. 457, 468; *Deyo v. Van Valkenburg,* 5 Hill, 242. Nothing will discharge the liability of a joint trespasser except full satisfaction for the wrong, made by himself or one or more of his associates, or a technical release under seal to himself or some of his associates. Such a release is a discharge because the seal imports conclusively full satisfaction. *Ellis v. Esson,* 50 Wis. 138; *Lovejoy v. Murray,* 3 Wall. 1; Cooley, Torts, 139; *Floyd v. Browne,* 1 Rawle, 121; *Wright v. Lathrop,* 2 Ohio, 33; *Birdsell v. Shaliol,* 112 U. S. 485; *Sheldon v. Kibbe,* 3 Conn. 214; *Sanderson v. Caldwell,* 2 Aiken (Vt.), 195; *Page v. Freeman,* 19 Mo. 421. The defendants *King, Lombard,* and *Wright* are in no manner injured by the fact that the limitation was suffered to run in favor of *McGillis.* As between them and him, they could ask no contribution. Even his discharge or a release in his favor of the cause of action against him, would not damnify them. Their objection is purely technical. The plea of the statute of limitations is a personal privilege. *Dudley v. Stiles,* 32 Wis. 371; 13 Am. & Eng. Ency. of Law, 607 and cases cited in note. 2. The former judgments of dismissal or discontinuance are no bar to this action. *Wakeley v. Delaplaine,* 15 Wis. 554; *Haldeman v. U. S.* 91 U. S. 584; *Murphy v. Creath,* 26 Mo.

App. 581; *Stockton v. Copeland*, 30 W. Va. 674; *Rolph v. B., C. R. & N. R. Co.* 39 Minn. 400; *Coffman v. Browne*, 7 Smedes & M. 125, 45 Am. Dec. 299; *Lambert v. Sanford*, 2 Blackf. 137; *Chase's Case*, 1 Bland, Ch. 206, 17 Am. Dec. 277; *Hoffman v. Porter*, 2 Brock. 156; *Butchers' S. & M. Asso. v. Boston*, 137 Mass. 186; *Hughes v. Walker*, 14 Oregon, 481; *Barrett v. Third Ave. R. Co.* 45 N. Y. 628; *Loeb v. Willis*, 100 N. Y. 231; *Gummer v. Omro*, 50 Wis. 247; 3 Smith's L. C. 2087. 3. The commencement of the former actions is no bar to the present action. Under no circumstances could there be more judgments than there are wrong-doers, and only that number in case the injured party elects to bring a separate suit against each wrong-doer. Pomeroy, Remedies, secs. 307, 309, 314; Cooley, Torts, 133, 134, 136, 137, 144. The doctrine of election has no application. Trespasses committed by more than one are in their nature joint *and* several, and every action which is brought against each, or against more than one and less than all, of the joint trespassers, is a *several* action. There is no inconsistency, therefore, between the several remedy against one and against more than one of the trespassers concerned in the same act. Pomeroy, Remedies, sec. 282.

WINSLOW, J. The appellants claim, *first*, that the bar of limitations in favor of *McGillis* protects *King* and his sureties; *second*, that this action is barred by the former judgments of discontinuance and dismissal; *third*, that the commencement of said former actions was an election of remedy by the plaintiff, which precludes the prosecution of this action.

1. As to the plea of the special three-years statute of limitations, it has been held available as to the sheriff himself. *Bishop v. McGillis*, 80 Wis. 575. Is it available as to the other defendants, who authorized and indemnified the sheriff's act? It has been held in numerous cases that

in actions upon contract, if the action be barred as against the principal, the bar will also be effective as to the sureties. The reason given for this rule is that the surety's liability is collateral merely, and that it is essential to the contract of the surety that there be a valid subsisting obligation on the part of the principal. It seems obvious that the present case does not fall within the rule nor within the reason of the rule. Though the indemnitors are sureties as between themselves and the sheriff, they are each and all principals as to the plaintiff. All who aid in the commission of a tort are principals as to the injured party, notwithstanding that the manual act may be that of one person alone. In this case the defendants, if liable at all, each incurred a separate and independent liability to the plaintiff, and the plaintiff could sue either or any or all of them. The plaintiff might also agree for a consideration not to sue one, and could still maintain an action or actions against the others, unless he had executed a technical discharge under seal, or received some consideration as an accord and satisfaction of the whole injury. *Ellis v. Esson*, 50 Wis. 138. If one may be discharged by act of the party without discharging the remainder, how can the discharge of one by mere operation of law discharge the others? True, the statute of limitations in this state destroys the right as well as the remedy, but, because it has destroyed the right against the sheriff, has it destroyed the separate and independent rights which plaintiff has as against the remaining tort-feasors? We think not. Had the other defendants been deputies who acted *under* the sheriff's authority, the situation would have been different. There is authority for the proposition that a deputy in such a case may rely upon the statutory bar in favor of the sheriff (*Cummings v. Brown*, 43 N. Y. 514); but that case is not here for decision. It is sufficient to say that these defendants are in no such position, and we hold that the bar of

the statute which protects the sheriff is not available to them.

2. As to the effect of a judgment of discontinuance or dismissal pursuant to a written stipulation or agreement. We think the profession would be surprised to learn.that a judgment of dismissal, entered upon a mere stipulation to dismiss, is even *prima facie* a bar to all future actions for the same cause. Certainly, if such be the law, it ought to be speedily announced. There are authorities, notably in Kentucky, which hold that where the entry of judgment is, "*dismissed agreed*," the legal deduction therefrom is that the controversy has been settled, and that the judgment will operate as a bar to another action. *Bank of the Commonwealth v. Hopkins*, 2 Dana, 395. In California, under the practice act of that state, this decision was approved, and it was held that where, by "agreement of parties," the cause was dismissed, each party paying his own costs, such dismissal amounted to a *retraxit* and was a bar to subsequent actions. These decisions are based on the ground that the necessary legal inference to be drawn from the language used is that the parties have agreed upon a settlement of the subject matter of the controversy. Even were the language which is so construed in those cases now before us, we think we should be slow to follow the conclusions reached by those courts. That construction has been very forcibly and tersely repudiated by the supreme court of the United States in *Haldeman v. United States*, 91 U. S. 584. But in the case before us we are not left to find out what the parties agreed to by construction of indefinite or general language. The plea states that they agreed to one certain thing. They agreed that the suits should be *dismissed*. How can a court say that an agreement of settlement of the controversy must be inferred when the record states that they agreed to one definite thing, namely, to a dismissal? There is no room for inference or construction when the language is definite and unmistakable. The reasoning of Mr. Justice Dᴀᴠɪs in

*Haldeman v. United States*, 91 U. S. 584, on this point, is very satisfactory to our minds, and to the same effect is *Wakeley v. Delaplaine*, 15 Wis. 554, where Mr. Justice COLE says of such a stipulation: " It simply places the parties in the same position they occupied before the litigation commenced." Such we hold to be the effect of the judgments of dismissal pleaded in this action.

3. Has the commencement of former actions barred the prosecution of this action? If it has, it must be upon the doctrine of election of remedies. The general rule is that where a party has two remedies which are inconsistent with each other he is confined to the remedy which he first adopts. Such is not the case here. The plaintiff has separate and concurrent remedies. He may sue one, or part, or all, or he may sue one separately and others jointly, but he can have but one satisfaction. We have seen that he has lost no rights by suing a part and discontinuing his action. He can have but one judgment against the same person, but no good reason is perceived why, after having sued a part and discontinued his action, he may not join others with one or more of the defendants in the previous action. Cooley, Torts, 133–136.

These views necessitate affirmance.

*By the Court.*— Those parts of the orders which are appealed from are affirmed.