SNIVELEY, Respondent, vs. KEYSTONE LUMBER COMPANY, Appellant.

*May 8—June 21, 1906.*

*Deeds: Construction: Payment of taxes.*

Where a conveyance of lands contained a reservation of timber thereon with the right to remove it, and provided that the grantor should "pay all taxes upon the lands . . . until it shall give a written release of said timber," the grantor was bound to pay only such taxes as, prior to the giving of the release, had become liens upon the land by extension on the tax roll and delivery of the warrant for collection.

APPEAL from a judgment of the circuit court for Ashland county: JOHN K. PARISH, Circuit Judge. *Reversed.*

*George F. Merrill,* for the appellant.

For the respondent there was a brief by *Luse, Powell, deForest & Luse,* and oral argument by *L. K. Luse.*

WINSLOW, J. This is an action to recover of the defendant the amounts paid by the plaintiff as taxes upon certain lands, on the ground that the defendant agreed to pay them. The facts are simple. The defendant originally owned the lands. On March 11, 1901, it conveyed them by warranty deed to one Ogden, the deed containing a reservation of all the timber of certain kinds upon the land, with the right to cut and remove the same on or before May 19, 1905, and the further provision that the grantor should "pay all taxes upon the lands . . . until it shall give written release of said timber, specifying particularly what descriptions of land are so released." Ogden conveyed the lands to the plaintiff December 7, 1901. On November 23, 1901, the defendant gave written notice to Mr. Ogden that it had removed the timber from certain parcels of the land particularly described and released said lands. On November 12, 1902, it gave like notice to the plaintiff as to certain other parcels, and on November 12, 1903, it gave like notice as to the remaining parcels. The defendant did not pay the taxes for 1901 upon the lands released November 23, 1901, nor did it pay the taxes for 1902 on the lands released in November of that year, nor the taxes for 1903 on the lands released in November of that year. In June, 1904, the plaintiff redeemed said lands from the sales for said unpaid taxes, and brings this action to recover the amounts so paid. The plaintiff claims that as the town taxes were levied as early as September in each year, and the state and county taxes early in November, they were all "taxes upon the lands" existing prior to the dates of the releases, and should have been paid by the defendant under

its agreement. The defendant, on the other hand, claims that the taxes did not become taxes upon the lands within the meaning of the reservation clause in the deed until December in each year, when the clerk of the town delivered the tax roll and warrant to the town treasurer under the provisions of sec. 1081, Stats. 1898.

The trial court adopted the plaintiff's view of the meaning of the agreement, but we think the defendant's view is correct. It is simply a question of construction of language. The language is as follows: "the grantor to pay all taxes upon the lands upon which the timber is reserved until it shall give written release of said timber." It seems to us that the natural meaning of this language is that the grantor is to pay all taxes which have reached definite shape as a lien upon the lands by extension upon the tax roll prior to the release. It could hardly have been the intention of the parties that the grantor was to pay taxes the amount of which had not yet been ascertained and which could not be paid to any officer prior to the release. It is true that taxes are levied in gross upon the entire property of the town months before the warrant is delivered to the treasurer, but they do not become a specific lien or charge upon any parcel of land until they have been extended upon the tax roll and the warrant of collection has been issued. *Spear v. Door Co.* 65 Wis. 298, 27 N. W. 60. The statute does not consider them as liens upon the land until the date of the warrant. Stats. 1898, sec. 1153.

We think it very clear that the parties intended by their agreement that the grantor should pay all taxes which had become liens upon the land so that they could be paid prior to the release, and none others.

*By the Court.*—Judgment reversed, and action remanded with directions to dismiss the complaint.