Geo. Walter Brewing Company, Appellant, vs. Henseleit and others, Respondents.

*September 12—October 3, 1911.*

*Action: Dismissal, when a bar to subsequent action.*

A seasonable voluntary dismissal by plaintiff of his action, or a dismissal pursuant to a stipulation, is no bar to the maintenance of a subsequent action for the same cause and between the same parties; but such a bar results where, pursuant to sec. 1811a, Stats. (1898), an action is dismissed as to a necessary party because not brought to trial within five years after the commencement thereof.

Geo. Walter Brewing Co. v. Henseleit, 146 Wis. 666.

APPEAL from a judgment of the municipal court of Outagamie county: THOMAS H. RYAN, Judge. *Affirmed.*

This is a creditors' action to set aside the conveyance of real estate and sale of personal property by *John Henseleit* to his son, *August Henseleit,* in 1900, as fraudulent against creditors. The present action is by the *Geo. Walter Brewing Company,* the assignee of Christian Walter as trustee of the estate of Geo. Walter, deceased. The defendants *Algrim* are made parties to the action solely because in 1907 they purchased a portion of the real estate conveyed. June 15, 1903, a creditors' action was begun by Christian Walter, as trustee, against *John* and *August Henseleit,* involving the same subject matter. Issue was joined therein. On December 2, 1908, on motion of *August Henseleit,* the action was dismissed as to him by the court pursuant to sec. 2811a, Stats. (1898), because it had not been brought to trial within five years after its commencement. Sec. 2811a reads as follows:

"The circuit courts and the superior courts may dismiss, upon their own or upon the motion of either party and with or without notice, any and all actions or proceedings pending therein in which issue shall have been joined and which shall not be brought to trial within five years from and after the commencement of such action or proceeding."

No appeal was taken from the judgment of dismissal. The pendency and dismissal of such action was, among other defenses, pleaded in bar of the present action. The trial court held that the dismissal of the former action was no bar to the maintenance of the present one, but found for the defendants on the merits. From a judgment entered accordingly, plaintiff appealed.

*Humphrey Pierce,* for the appellant.

For the respondents the cause was submitted on the brief of *Francis J. Rooney* and *A. M. Spencer.*

VINJE, J. Defendants claim that the dismissal of the former suit begun by plaintiff's assignor against *John* and

*August Henseleit,* and involving the same cause of action, is a complete bar to the prosecution of the present one; that such judgment of dismissal was a final determination as to any rights the plaintiff may have had against the defendant *August Henseleit,* and, since he is a necessary party to the present action, it cannot be maintained. Plaintiff contends that such dismissal is not a bar, because there was no hearing had on the merits, but only a dismissal upon an *ex parte* motion, and that such dismissal leaves all matters unsettled and places the parties in the same position they occupied before the litigation began, and the cases of *Bishop v. McGillis,* 82 Wis. 120, 51 N. W. 1075; *Fischbeck v. Mielenz,* 119 Wis. 27, 96 N. W. 426; *Spear v. Door Co.* 65 Wis. 298, 27 N. W. 60; and *Wakeley v. Delaplaine,* 15 Wis. 554, are cited to sustain the contention.

In *Bishop v. McGillis,* 82 Wis. 120, 51 N. W. 1075, there was a judgment of dismissal entered upon a stipulation of the parties. In *Fischbeck v. Mielenz,* 119 Wis. 27, 96 N. W. 426, it was held that the withdrawal of a claim presented in assignment proceedings and the entry of an order or judgment to the effect that the claim was withdrawn and all proceedings thereon dismissed was in the nature of a voluntary nonsuit, and that such withdrawal did not prevent the claimant from afterwards maintaining an action upon such claim. In *Spear v. Door Co.* 65 Wis. 298, 27 N. W. 60, plaintiff began an action to set aside certain assessments upon real estate. Afterwards the property was reassessed. The first action was dismissed and a subsequent action was brought to set aside the reassessment. It was held that the former action was no bar to the bringing of another action, partly because it did not appear that the former action was dismissed by reason of any fault on the part of the plaintiff, and partly because the second action was not upon the same cause as the first. In *Wakeley v. Delaplaine,* 15 Wis. 554, there was a judgment of dismissal pursuant to a stipulation of the par-

ties.  In *State ex rel. Kane v. Larrabee,* 3 Pin. 166, there
was a dismissal of a bill in equity on the ground that no one
appeared on behalf of complainant when the case came up
for hearing in its order on the calendar, and it was held that
such dismissal was not a bar to another suit for the same
cause.

It will thus be seen that all the cases cited by plaintiff re-
late either to the voluntary dismissal of an action or with-
drawal of a claim, or to a dismissal pursuant to a stipulation,
or to a different cause of action than the one dismissed, or to
a mere dismissal for want of prosecution when the case was
called.  In none of them was sec. 2811*a,* Stats. (1898), in-
volved.  It is undoubtedly the law of this state that a season-
able voluntary dismissal by plaintiff of his cause of action,
or a dismissal pursuant to a stipulation, is no bar to the bring-
ing of a subsequent action for the same cause and between the
same parties.  *Bishop v. McGillis,* 82 Wis. 120, 51 N. W.
1075.  But it does not follow from such a rule that a dis-
missal pursuant to sec. 2811*a* has the same effect.  Such a
dismissal is *in invitum* and the result of at least constructive
laches on the part of the plaintiff.  Statutes of limitation are
of ancient origin.  It was early ascertained that injustice
and not justice was often meted out in the prosecution of stale
claims, and later it was discovered that, though a suit might
be seasonably instituted, yet, if it was not seasonably brought
to trial, like injustice might result.  Hence the enactment
in 1897 of sec. 2811*a.*  Speaking of its purpose this court
has said: "It indicates the legislative policy that actions
should not be permitted to slumber indefinitely, but that a
reasonable time should be allowed within which to prosecute
them, and provides a limitation."  *Fleming v. Ellison,* 124
Wis. 36, 41, 102 N. W. 398.  That it was intended as a stat-
ute of limitation upon the time within which a suit might be
prosecuted is evident both from its language and the rules of
law applicable to nonsuits and dismissals existing at the time

it was passed. If it be not. so construed it is meaningless, for it would then not affect the status of dismissals in the least. Before it was passed a plaintiff could suffer a nonsuit, ·or dismiss at any time and begin over again. If he can do so after the court has dismissed under the statute, then nothing has been accomplished by its enactment. That the bar has not so construed the effect of a dismissal under it is evident from the fact that appeals have been taken to this court from judgments of dismissal to test the right of plaintiff to further prosecute. See *Rice v. Ashland Co.* 108 Wis. 189, 84 N. W. 189; *Hine v. Grant,* 119 Wis. 332, 96 N. W. 796; and· *Smith v. Carter,* 141 Wis. 181, 122 N. W. 1035. If a plaintiff could begin over again after a dismissal, such an appeal would be useless. It is now as much the policy of the law of this state that a suit shall be seasonably prosecuted as that it shall be seasonably begun. *Smith v. Carter, supra.* And if the legislative policy as expressed in the statute in ·question is carried out by trial courts, much will be done to lessen the law's delay. Diligence and not sloth will then wait upon justice, and we shall seldom hear the complaint that a belated victory is more disastrous than an early defeat. Gladstone has truly said: "When the case is proved, and the hour is come, justice delayed is justice denied." The statute is ·one of rest. It affords ample opportunity for the trial of ·every cause under the most adverse circumstances, and no litigant is entitled to demand more. It was enacted in the furtherance of justice, and its enforcement will serve the best interests of all litigants who have faith in the merits of their ·claims and who desire that justice shall be done seasonably.

It follows that when the suit between plaintiff's assignor ·and *John* and *August Henseleit* was dismissed by the court as to *August Henseleit* pursuant to the statute, no subsequent ·suit involving the same subject matter could be maintained by plaintiff or his privy in interest against *August Henseleit.*

Snyder v. Superior, 146 Wis. 671.

And if the present suit cannot be maintained against *August Henseleit* it cannot be maintained against the other defendants, for *August* is a necessary party to the prosecution thereof.

The result arrived at renders it unnecessary to discuss the merits of the case. The judgment of dismissal entered by the trial court must be affirmed, but not upon the grounds therein stated.

*By the Court.*—Judgment affirmed.