PAUTSCH and another, Respondents, vs. CLARK OIL
COMPANY, Appellant.

*May 5—June 2, 1953.*

For the appellant there was a brief and oral argument by *Louis L. Croy* of Manitowoc.

For the respondents there was a brief by *George A. Hartman, Robert G. Hartman,* and *Leo C. Hartman,* all of Juneau, and oral argument by *Robert G. Hartman.*

MARTIN, J. Appellant contends that because different matters would have had to be proved in the previous action than are necessary to be proved in this one, the causes of action are not identical and thus the issue in the present action is not *res adjudicata.*

In the prior action the Clark Oil Company elected to exercise its option to accelerate the maturity of the note and sued for foreclosure of the mortgage and a deficiency judgment. The only cause of action it had under the note and mortgage was the debt obligation when it became due. That is the identical cause of action which appellant seeks to set up as an affirmative defense in this case. The fact that different matters of proof would have been required for Clark Oil Company to maintain its original suit than would be required now to show that the obligation is due and payable, does not make the cause of action in the prior case a different cause of action than it attempts to assert here.

The cases cited by appellant are all cases where actions were dismissed because prematurely brought. They are not applicable here because the Clark Oil Company in its previous action had declared the note due under its authority to do so by reason of the acceleration clause. None of the cases

cited were dismissed under sec. 269.25, Stats., granting the court discretion to dismiss actions for want of prosecution any time after five years from the date of commencement.

It must be held that a judgment of dismissal under sec. 269.25, Stats., is *res adjudicata* as to all matters necessary to support a judgment of dismissal on the merits. We must assume that the Clark Oil Company's cause of action was ripe in 1937 since the complaint alleged, on the basis of the acceleration clause, that the note was due and payable. Sec. 269.25 is in the nature of a statute of limitations. In *Geo. Walter Brewing Co. v. Henseleit* (1911), 146 Wis. 666, 669, 670, 132 N. W. 631, this court said:

"It is undoubtedly the law of this state that a seasonable voluntary dismissal by plaintiff of his cause of action, or a dismissal pursuant to a stipulation, is no bar to the bringing of a subsequent action for the same cause and between the same parties. *Bishop v. McGillis,* 82 Wis. 120, 51 N. W. 1075. But it does not follow from such a rule that a dismissal pursuant to sec. 2811a [now sec. 269.25] has the same effect. Such a dismissal is *in invitum* and the result of at least constructive laches on the part of the plaintiff. Statutes of limitation are of ancient origin. It was early ascertained that injustice and not justice was often meted out in the prosecution of stale claims, and later it was discovered that, though a suit might be seasonably instituted, yet, if it was not seasonably brought to trial, like injustice might result. Hence the enactment in 1897 of sec. 2811a. Speaking of its purpose this court has said: 'It indicates the legislative policy that actions should not be permitted to slumber indefinitely, but that a reasonable time should be allowed within which to prosecute them, and provides a limitation.' *Fleming v. Ellison,* 124 Wis. 36, 41, 102 N. W. 398. . . . Before it was passed a plaintiff could suffer a nonsuit, or dismiss at any time and begin over again. If he can do so after the court has dismissed under the statute, then nothing has been accomplished by its enactment." See also *Condon W. M. Co. v. Racine E. & M. Co.* (1924), 183 Wis. 435, 198 N. W. 268.

The order of dismissal under sec. 269.25, Stats., is discretionary and will not be granted where good cause is shown for continuing the action. That is not the situation here. Appellant makes no claim that the action should be reinstated. It attempts to set up as a defense in this case the same cause of action as was dismissed in the prior case. We hold that the dismissal of the prior action under the statute was a dismissal on the merits and that it is *res adjudicata* as to appellant's defense in this action.

See Wis. Anno. (1950), 1122, to sec. 269.25, Stats.

*By the Court.*—Judgment affirmed.