DUTHIE, Respondent, vs. THE TOWN OF WASHBURN, Respondent, and PROBERT, Appellant.

*October 27 — November 13, 1894.*

*Injury from defective highway: Primary liability of individual: Reversal of judgment against town: New trial: Parties.*

In an action against a town for injuries caused by a defective highway, the town alleged that one P. was primarily liable, and he was made a defendant. The verdict was for the plaintiff against the town and in favor of P., but the judgment entered thereon did not in terms affect P. The town moved for a new trial on the ground, among others, that in finding P. not liable the verdict was contrary to the evidence. The motion was denied, and the town appealed from the judgment. P. was heard on the appeal. The judgment was reversed for errors not relating to the questions between P. and the town, and the cause was remanded for a new trial. *Held,* that this meant a new trial as to all the parties and all the issues.

APPEAL from the Circuit Court for *Bayfield* County. The action is for damages for personal injuries from a defective highway in the defendant town. The appellant, *Probert,* was made a party defendant upon claim made by the town that he was primarily liable for the damages. There was a trial in the circuit court, which resulted in a verdict against the town on plaintiff's cause of action, and in favor of *Probert* that he was not primarily liable. There was a motion for a new trial on the. minutes of the court, on several specified grounds, of which one was: "(8) For the reason the verdict is contrary to the evidence in so far as it finds no cause of action against the defendant *Probert.*" The motion was denied. Judgment was entered upon the verdict against the defendant town, which did not include a judgment in any way affecting *Probert.* The town appealed from the judgment, but did not serve notice of appeal upon *Probert;* yet *Probert* was represented and took part in the trial of the appeal in this court. This court re-

versed the judgment for errors in the charge of the court which did not relate to the questions between *Probert* and the town (87 Wis. 231), and remanded the cause for a new trial.

After the record had been remitted to the circuit court, *Probert* moved for an order " that when the final judgment shall be entered in said action it shall provide that the said impleaded defendant, *A. C. Probert*, is not liable to the plaintiff in said action, and is not primarily liable for any injuries sustained by plaintiff, and is entitled to costs," and " that said verdict stand so far as it affects the rights of said defendant." The court denied the motion, set aside the verdict, and ordered a new trial. From this order the defendant *Probert* appeals.

The cause was submitted for the appellant on the brief of *Lamoreux, Gleason, Shea & Wright;* for the respondent *Duthie* on that of *Tomkins & Merrill;* and for the respondent town on that of *J. J. Miles* and *E. C. Alvord*.

NEWMAN, J. The circuit court, before the entry of judgment upon the verdict, should have set aside the verdict and have granted a new trial, on the motion of the defendant the town of *Washburn*. That is settled by the decision of this court. *Duthie v. Washburn*, 87 Wis. 231. *Probert* was a party to that motion. He was at least, if not a party, a privy, to the appeal. He had a right to be heard upon the appeal. *Hunter v. Bosworth*, 43 Wis. 583, 590. He was heard by his counsel on the argument before this court. He had his day in court upon the appeal. The judgment was reversed, and the cause remanded for a new trial in the circuit court. This is construed to mean and intend a new trial as to all the parties and as to all the issues involved between the parties. This construction is proper, and perhaps necessary, in order to prevent inconvenience, and perhaps injustice, by discharging *Probert* from the ac-

tion before the rights of all the parties are settled and determined. It is the policy of the law, in this class of actions, to require the plaintiff to enforce his remedies against the party who is primarily or ultimately liable for his damages. And he may be required, in a proper case, to join such party as a defendant with the municipality. Laws of 1889, ch. 471; *Hiner v. Fond du Lac*, 71 Wis. 74. In order to insure complete justice and avoid inconvenience, he should remain a party until the ultimate rights of all the parties are finally settled and determined. This court, on the former appeal, had power to direct the circuit court to do what it should have done before,— to set aside the verdict and grant the motion for a new trial. This it in effect did. " Upon an appeal from a judgment . . . the supreme court may reverse, affirm, or modify the judgment . . . as to any or all of the parties; and may, if necessary or proper, order a new trial." R. S. sec. 3071.

*By the Court.*— The order of the circuit court is affirmed.