# CASES DETERMINED

## AT THE

# January Term, 1910.

SMITH, Appellant, vs. CARTER and others, Respondents.

*October 8, 1909—January 11, 1910.*

*Action: Dismissal for want of prosecution: Discretion: Appeal.*

1. It is the duty of trial courts to discourage protraction of litigation and to refuse their aid to those who negligently or abusively fail to prosecute actions which they commence.
2. A judgment of the circuit court dismissing an action for want of prosecution will be reversed only in a clear case of abuse of discretion.

APPEAL from a judgment of the circuit court for Rock county: GEORGE GRIMM, Circuit Judge. *Affirmed.*

This action, commenced in August, 1882, was to redeem from certain mortgages held by one Guy Carter on a valuable farm which had been delivered over to him in 1872 to apply the rents and profits to the taxes and to the interest and principal of those mortgages; also to clear the title from those mortgages and from certain tax deeds and liens thereon fraudulently acquired by said Carter, who had died shortly before the commencement of the action. The case was (January, 1883) referred to one Phelps to hear, try, and determine, and he made his report in 1891. Pretty much all the circuit judges of the Twelfth judicial circuit for the last quarter of a century were disabled to act in the case by reason of having been of counsel. The circuit judge of the First circuit seems to have been invoked to hear the motions for modification and

confirmation of this referee's report, and the argument of
those motions was finally had in 1894.   On December 30,
1901, Judge Fish, having previously given a written opinion,
signed findings and order modifying the report of the referee.
Such findings and order convicted Guy Carter of fraud with
reference to the acquirement of tax liens, of refusal to perform
his duty in keeping accounts and not applying the income and
in so obstructing the plaintiff in an opportunity to sell the
land and in refusing to accept a conveyance at a given price in
liquidation of his mortgages after having first promised to do
so, that the court decided he was entitled to no interest after
1880, the date of such tendered conveyance, and ordered ap-
plication of sums of money so that it was obvious that the
mortgage was more than satisfied at the time of such decision.
He also in said order directed a re-reference to William
Ruger, Esq., to restate the account in accordance with the
court's decision, and to take an account by defendants of all
receipts and disbursements with reference to the farm subse-
quent to the prior reference, they having continued in posses-
sion and control.   There appears to have been no attempt to
bring official notice to Mr. Ruger of his appointment or to
gain his acceptance, and, as a matter of fact, it was known
that he had been consulted, if not retained, as counsel for cer-
tain interests in the litigation at the time of such order of ref-
erence or afterwards.

In June, 1902, the defendants moved to set aside said order
made by the judge of the First circuit for the reason that it
was wholly without jurisdiction, it having been signed by him
at his chambers in Racine and physically transmitted to the
clerk of the Rock county circuit court at a time when he was
not presiding in that court, but another judge was.   This mo-
tion was heard before the judge of the Thirteenth judicial
circuit, who on December 2, 1902, signed and filed an order
that the motion be denied.   This seems to have been supple-
mented or modified by an order on December 15th to the same

effect, except that it awarded motion costs. This order was assailed because without jurisdiction, the judge having signed it at a time when he was in Dodge county and not presiding in Rock county. This order of December 15, 1902, never reached the files of the circuit court for Rock county until April 20, 1908, when it was found in the office of one of the plaintiff's attorneys, and so filed. A motion to vacate that order was overruled in December, 1903.

From that time until the 13th day of April, 1908, no steps were taken by either party in the case, except that it appears certain negotiations were in progress to fix *inter partes* the amounts which had been received by the defendant subsequent to the previous accounting, so that the further steps might be entirely arithmetical, which negotiation, however, came to naught. On the 13th of April, 1908, defendants moved to dismiss the action because of unreasonable delay on the part of the plaintiff; that more than two years have elapsed since the date of the referee's report; that more than five years have elapsed since the issue was joined in November, 1882, and the action had not been brought to trial for the reason that the plaintiff had ceased to be the real party in interest; that he failed to prosecute with due diligence; that the executors of Guy Carter had been discharged as such; that it was inequitable that defendant should be further harassed; and that the plaintiff is not acting with diligence or in good faith, and that there is no equity in plaintiff's complaint, and that he had been guilty of laches and had abandoned the action. That motion seems to have been heard upon certain affidavits and upon the record of the case and resulted in an order on May 5, 1908, by the present judge of the Twelfth circuit, that the action be dismissed with costs, because it appeared to the satisfaction of the court that plaintiff had been guilty of unreasonable neglect and inexcusable laches in the prosecution of this action. From judgment pursuant to this order plaintiff appeals.

For the appellant there was a brief by *William G. Wheeler* and *William Smith*, and oral argument by *Mr. Smith*.

For the respondents there were briefs by *Wilson Lane* and *Ruger & Ruger*, and oral argument by *Wilson Lane, William Ruger*, and *C. E. Pierce*.

The following opinion was filed October 26, 1909:

Dodge, J.   In the record of this case, which has witnessed the demise of at least five circuit judges connected therewith and of the referee who tried it, the circuit court found evidence of such laches and neglect on the part of the plaintiff as in its judgment rendered it improper that the action should further cumber the dockets, obstruct other business, and harass the defendants.   While there are apparent many acts on the part of the defendants tending to excuse some of the periods of delay, and while dilatory action on the part of the court itself may explain some, yet there are other periods of much length during which plaintiff has undoubtedly refrained from any active diligence to bring the litigation to a conclusion.   All these considerations were before the trial court, with much evidence as to the conduct of the parties, some of it in conflict, some of it uncertain and ambiguous, from which different inferences might be drawn.   Even if we, as an original proposition, might not have reached the same conclusion, we cannot for that reason alone set aside the decision of the trial court rendered in the field of its broad discretion over the conduct of cases.   Protraction of litigation may be a serious abuse, and it is the duty of trial courts, independently of statute and under inherent powers, to discourage it as much as possible and to refuse their aid to those who negligently or abusively fail to prosecute the actions which they commence. *Williams v. Williams,* 117 Wis. 125, 94 N. W. 25 ; *Saveland v. Connors,* 121 Wis. 28, 98 N. W. 933.   When the circuit court exercises its judgment and discretion to this end, it is only in a very clear case of abuse that this court should reverse

it. We cannot feel that such clear case of abuse of discretion is here presented. It seems, too, that sec. 2811, Stats. (1898), declares a legislative policy to the effect that five years of neglect to bring to trial an issue joined shall result in dismissal. Here issues were framed in 1901 by the order then made and have not yet been brought to trial.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied January 11, 1910.