Condon Wrapping Machine Company, Appellant, vs. Racine Engine & Machinery Company, Respondent.

*March 11—April 8, 1924.*

*Appeal: Order dismissing action pending five years.*

This court will not reverse a judgment of the trial court dismissing an action for failure to proceed with the trial within five years after its commencement, as required by sec. 2811a, Stats., unless there is a clear and justifiable excuse for not bringing the action to trial. p. 437.

Appeal from a judgment of the circuit court for Racine county: E. B. Belden, Circuit Judge. *Affirmed.*

This appeal is from a judgment dismissing the action with costs.

For the appellant there was a brief by *F. X. Boden,* attorney, and *Miller, Mack & Fairchild,* of counsel, all of Milwaukee, and oral argument by *Mr. Boden.*

For the respondent there was a brief by *Simmons, Walker & Wratten* of Racine, and oral argument by *John B. Simmons.*

CROWNHART, J. This was an action brought by the plaintiff for the payment of a certain machine sold to the defendant. The defendant offered to. pay the plaintiff $2,000 for a certain wrapping machine, together with patterns, and sent the plaintiff a bill of sale to be executed. The plaintiff accepted the offer and executed the bill of sale, but made a change therein by adding to the covenants of warranty "except claims of patent infringement." The machine and bill of sale were forwarded to the defendant. Thereafter differences arose as to the patents and the exception in the bill of sale, and finally the defendant returned the machine to the plaintiff. Action was brought to recover the value of the machine, and for one reason or another it was delayed and not brought to trial for more than five years after its commencement. After the five-year period was up the defendant moved to have the action dismissed under sec. 2811a, Stats., which reads as follows:

"The circuit courts and the superior courts may dismiss, upon their own or upon the motion of either party and with or without notice, any and all actions or proceedings pending therein in which issue shall have been joined and which shall not be brought to trial within five years from and after the commencement of such action or proceeding."

The court granted the plaintiff's motion and entered judgment of dismissal with costs.

In *Smith v. Carter,* 141 Wis. 181, 122 N. W. 1035, this court said: "When the circuit court exercises its judgment

and discretion to this end, it is only in a very clear case of abuse that this court should reverse it."

The statute indicates a wise legislative policy to prevent unreasonable delays in the prosecution of actions. Unless there is a clear and justifiable excuse for not bringing the action to trial, this court will not reverse the judgment of the lower court. The record in this case does not show any such excuse. There were negotiations pending during a period of time which warranted some delay, but these were substantially ended a long time before the statute of limitations had run. It was very plain that the plaintiff had no reasonable justification for not proceeding with the trial of the action before the five-year period was up.

*By the Court.*—The judgment of the circuit court is affirmed.