# CASES DETERMINED

AT THE

# January Term, 1925.

---

LAMB, Respondent, vs. SHOEMAKER and others, Appellants: SICKLESTEEL, Plaintiff, vs. EDMONDS and others, Defendants.

*September 17, 1924—January 13, 1925.*

*Appeal: Jurisdiction of supreme court: Parties before circuit court not appealing: Law of the case: Proceedings after reversal: Limitation: Waiver.*

1. A judgment of this court opening up a judgment of the circuit court for cross-complaints in favor of certain parties and against other parties not before it on appeal is not, under sec. 2405m, Stats., in excess of its jurisdiction. p. 325.
2. All parties to a judgment of the circuit court are privies to the proceeding in this court, notwithstanding their failure to be parties to the appeal, and are bound by the judgment of this court. p. 325.
3. Legal propositions stated by this court on appeal become the law of the case on all future trials or appeals, whether right or wrong. p. 325.
4. Where, after the reversal of a cause to permit the filing of a cross-complaint, the cross-complaint against appellants was not filed for more than the one year prescribed by sec. 3072, Stats., the cause should be dismissed, though the record was remitted to the circuit court and a cross-complaint against others than appellants filed within the year. p. 326.
5. Said sec. 3072, prescribing the time for bringing a cause to trial after its reversal by this court, is mandatory, and in the absence of a waiver must be enforced. p. 326.
6. The defense that sec. 3072 had not been complied with was timely made when set up in answer to a cross-complaint filed after the year had elapsed. p. 326.

APPEAL from a judgment of the circuit court for Marathon county: A. H. REID, Circuit Judge. *Reversed.*

For the appellants there was a brief by *Jeffris, Mouat, Oestreich, Avery & Wood,* attorneys, and *E. H. Ryan, in pro. per.,* all of Janesville, and oral argument by *Otto A. Oestreich.*

*F. C. Burpee* of Janesville, for the respondent.

The following opinion was filed October 14, 1924:

CROWNHART, J.   This case is the sequel to the case of *Sicklesteel v. Edmonds,* reported in 158 Wis. 122, 147 N. W. 1042.   There the facts are set out in detail and may be referred to without repeating them here.   In that case there were two appeals involving three parties out of a large number of litigants in the circuit court.   This court there rendered judgment opening up the circuit court judgment for cross-complaints in favor of certain parties and against other parties not before the court on appeal.   This case is the result of a cross-complaint, filed by the respondent here, pursuant to that decision.

At the outset the decision of this court on the former appeal is challenged as being without the jurisdiction of the court.   It is claimed that this court had not the jurisdiction or power to render judgment binding on parties not before it as either appellants or respondents, and to this point the arguments of counsel are chiefly directed.   Sec. 2405*m,* Stats., provides:

"In any action or proceeding brought to the supreme court by appeal or writ of error, if it shall appear to that court from the record, that the real controversy has not been fully tried, or that it is probable that justice has for any reason miscarried, the supreme court may in its discretion reverse the judgment or order appealed from, regardless of the question whether proper motions, objections, or exceptions appear in the record or not, and may also, in case of reversal, direct the entry of the proper judgment or remit the case to

the trial court for a new trial, and direct the making of such amendments in the pleadings and the adoption of such procedure in that court, not inconsistent with the statutes governing legal procedure, as shall be deemed necessary to accomplish the ends of justice." Also see sec. 3071.

This section seems to cover the question as to the authority of this court in entering the judgment that it did on the former appeal. It has been frequently held that in such a case all the parties to the circuit court judgment are privies to the proceeding in the supreme court, notwithstanding their failure to be parties to the appeal, and hence bound by the judgment of the supreme court. This seems to be well settled by the authorities. *Hunter v. Bosworth*, 43 Wis. 583, 590; *Duthie v. Washburn*, 88 Wis. 597, 60 N. W. 1053; *Will of Rice*, 150 Wis. 401, 480, 136 N. W. 956, 137 N. W. 778; *Pietsch v. McCarthy*, 159 Wis. 251, 254, 150 N. W. 482.

Moreover, it is well settled that whenever legal propositions are laid down upon an appeal to this court, they become the law of the case upon all future trials or appeals, whether right or wrong. *John v. Pierce*, 176 Wis. 220, 186 N. W. 600. The judgment of this court on former appeal is not open to objection.

The appellant also claims that the proceedings were barred by sec. 3072, Stats. That section reads as follows:

"In every case in error or on appeal in which the supreme court shall order a new trial or further proceedings in the court below, the record shall be transmitted to such court and proceeding had thereon within one year from the date of such order in the supreme court, or in default thereof the action shall be dismissed, unless, upon good cause shown, the court shall otherwise order. It shall be the duty of the losing party in any action or proceeding when a judgment or order in his favor in the court below is reversed by the supreme court on the appeal of the opposing party to pay the clerk's fees on such reversal, procure the record in said

cause to be remitted to the trial court and bring the cause to trial within one year after such reversal, unless the same be continued for cause, and if he fail so to do, his action shall be dismissed."

The final judgment on the former appeal was rendered in this court on December 23, 1914. Within the year the record was remitted to the circuit court and a cross-complaint on the part of the respondent *Lamb* was served on parties who are not parties to this appeal, through George Sutherland, his attorney. Nothing further seems to have been done for a long time thereafter until Mr. Burpee was substituted as attorney for *Lamb*. He then served a cross-complaint on the attorneys for the appellants herein. To that cross-complaint the appellants demurred, which demurrer was overruled. They thereupon served an answer and set up as one of their defenses the section of the statutes quoted, sec. 3072. The trial court, in its opinion, makes no note of this defense, but does consider other statutes of limitation that were urged. On the trial of the case in the circuit court a copy of the cross-complaint which had been served on the other parties by Mr. Sutherland was found in the files of the attorneys for the appellants herein, and it is now claimed by respondent that appellants were served within the year. There is no other proof of such service, and it does not appear that there was any admission of service, and it is not here admitted by appellants' attorneys that any service was made. How the cross-complaint came to be in their files is not disclosed.

The statute in question is mandatory, and, in the absence of waiver thereof by the defendants, must be enforced. This court has considered the facts urged in support of waiver, and is of the opinion that setting up the defense in the answer was timely, and that no waiver of such defense has since been made. In reaching this conclusion we give weight to the purpose of the statute. It is clearly intended to estab-

Lamb v. Shoemaker, 185 Wis. 323.

lish a public policy to the end that litigation shall not be unduly protracted, and it is in furtherance of the constitutional provision that every person wronged in his person or property is entitled to a certain remedy in the law, and that he should obtain justice freely, promptly, and without delay. This court has recently held that sec. 2811$a$, Stats., has for its purpose a wise legislative policy to prevent unreasonable delays in prosecutions. *Condon W. M. Co. v. Racine E. & M. Co.* 183 Wis. 435, 437, 198 N. W. 268.

This case is a good illustration of the need for the statute. Final judgment on the former appeal was entered in this court in December, 1914, nearly ten years ago. Subsequent proceedings have not been prompt and without delay. It is such cases as this that scandalize the courts in the administration of justice.

The writer of this opinion, speaking for himself alone, believes the statute in question, as was said in *Christianson v. Pioneer F. Co.* 101 Wis. 343, 346, 77 N. W. 174, 917, "is plain language. Judicial construction or interpretation has no office to perform in regard to it. Any attempt to change the plain meaning would be a clear invasion of the domain of another branch of the government whose duty it is to make the law." The law is not harsh. If some delay is reasonably necessary, on motion showing cause therefor the court may extend the time. But that motion should be made before the limitation expires. Conceding that the parties may waive the statute, the writer does not believe that the courts have any such power. That would be to annul the legislative policy of the state,—it would be changing the law instead of enforcing it. However, it has been held in a number of cases that waiver by the parties may void the effect of the statute. *State ex rel. Forrestal v. Eschweiler,* 158 Wis. 25, 147 N. W. 1008; *Parkes v. Lindenmann,* 161 Wis. 101, 151 N. W. 787; *State ex rel. Milwaukee v. Circuit Court,* 163 Wis. 445, 158 N. W. 92. What has been said makes un-

necessary consideration of the other questions raised by the appeal.

*By the Court.*—The judgment is reversed, with directions to dismiss the action.

Eschweiler, J., took no part.

A motion for a rehearing was denied, with $25 costs, on January 13, 1925.