WISCONSIN LUMBER & SUPPLY COMPANY, Appellant, vs.
DAHL and others, Respondents.

*January 8—February 6, 1934.*

138

For the appellant there was a brief by *Paul, Ebert, Paul & Gobel* of Milwaukee, and oral argument by *Harold H. Paul*.

For the respondents the cause was submitted on the brief of *Lewis W. Powell* of Kenosha, attorney for the H. C. Crook Realty Company, and by *Alfred L. Drury* of Kenosha, attorney for Nels and Annie Thompson.

FOWLER, J. The appellant assigns as error (1) that the trial court assumed that sec. 269.25, Stats., made mandatory the dismissal of the action because it had not been brought to trial within five years; (2) that the court arbitrarily dismissed the action without giving the plaintiff "opportunity to bring such facts to the attention of the court as might affect the discretion of the court;" (3) that the court arbitrarily refused to permit evidence to be introduced to enable it to exercise discretion; and (4) that the court granted the motion to dismiss when it appeared that the reason that the matter was not brought on for trial was the arbitrary refusal of the clerk to bring it on for trial when it had been properly noticed for trial.

(1) Sec. 269.25, Stats., provides that the circuit courts "may dismiss, upon their own or upon the motion of either party and with or without notice, any and all actions or proceedings pending therein in which issue shall have been joined and which shall not be brought to trial within five years from and after the commencement of such action or proceeding." We see nothing in the record to indicate that the trial judge considered the statute mandatory. The word "may" in the statute implies the contrary. All the cases in this court involving the statute are to the contrary. We cannot assume, in the absence of evidence, that the trial judge interpreted the statute contrary to its plain import and the decisions of this court.

(2) (3) The contention under these heads seems to be that discretion involves the exercise of judgment upon all the facts bearing upon a matter; that when the trial judge ruled before hearing appellant's excuses for delay, he failed to exercise judgment upon the facts; and that he thus acted arbitrarily and abused his discretion.

Had the trial judge refused to permit counsel to make his offers there might be some point to the argument. But when he permitted the offer to be made, and made inquiry as to the record in the other action, the inference follows that he considered the matters included in the offer, but did not consider them sufficient to excuse the delay. Having already granted the motions to dismiss, he was not called upon to make any further ruling, nor was it incumbent upon him to give a reason for not making any further ruling.

The action had been pending nearly nine years when the motion to dismiss under the statute was made. To urge that by reasonable diligence on the part of plaintiff within that period the case could not have been brought to trial and disposed of is absurd. That another action was pending involving the same premises to which plaintiff herein was

a party defendant and wherein it might have foreclosed its lien does not excuse the plaintiff for failure to press this action, especially when that action was also permitted to slumber for over eight years. As stated in *Condon W. M. Co. v. Racine E. & M. Co.* 183 Wis. 435, 437, 198 N. W. 268, sec. 269.25 has for its purpose a wise legislative policy to prevent unreasonable delays in prosecutions. And as said in *Lamb v. Shoemaker,* 185 Wis. 323, 327, 200 N. W. 379, in speaking of a delay of nearly ten years in prosecuting proceedings pending in court: "It is such cases as this that scandalize the courts in the administration of justice." It is especially fitting that delays be not permitted in prosecuting mechanic's lien foreclosures. The statute in force when this action was begun, sec. 3318, Stats. 1923, required that in an action to foreclose such a lien the complaint should be served within one year from the furnishing of the last item covered by the lien, or two years at most, if the continuance of the lien were extended by affidavit. The lien expired unless action were so commenced. A statutory intent was thus expressed that such liens should be of short duration. To permit them to endure for ten years by delaying prosecution of the action of foreclosure after commencing it would be not only to subvert the legislative policy established by sec. 269.25, but to subvert the manifest purpose of old sec. 3318, now sec. 289.06, Stats.

As said in the *Condon Case, supra,* "Unless there is a clear and justifiable excuse for not bringing the action to trial, this court will not reverse the judgment (of dismissal) of the lower court. The record in this case does not show any such excuse." In the instant case the record does not show any such excuse, taking the offers of proof of the plaintiff as established verities. Had the trial court received the proofs and held the delay excusable, we could not have upheld his decision as the exercise of sound discretion. To

do so would have been "to annul the legislative policy of the state; it would be changing the law instead of enforcing it." *Lamb v. Shoemaker, supra.*

(4) This assignment appears to us entirely without merit. It is claimed in appellant's brief that "the duty of bringing the action on for trial rests with the clerk. In spite of the insistence of counsel for the appellant the clerk obstinately . . . refused to bring the action on for trial. Everything that could legally be done to bring the action on for trial was done by counsel for the appellant." All the record discloses in support of this claim is that the case was noticed for trial at the January, 1931, term of the court, and that counsel offered to prove that "one of the attorneys for the . . . (plaintiff) has tried on several occasions to bring these matters (both cases) to trial, which was done by coming to the court house . . . seeing the clerk or his deputies for that purpose. This was continued since our entry into the matter as counsel prior to service of the amended summons and complaint and . . . since the latter part of 1929;" and that another attorney of plaintiff made "numerous attempts to have the clerk . . . set the . . . (mortgage foreclosure action) for trial . . . over the entire period from October, 1925, down to 1928." This falls far short of showing that it was the "duty of the clerk to bring the action on for trial," or that counsel did "all that could legally be done" to bring the action on for trial. We know of no law or rule of court requiring or authorizing clerks of the circuit courts to "set" or "bring cases on" for trial. No such duty is imposed upon them or power conferred upon them by statute or the circuit court rules adopted by this court. If such duty or power may be conferred by special rule of any particular circuit judge it is not so conferred by rule of the judge of the First circuit, for that circuit has "no special rules." Wisconsin Annotations, 1930, p. 1835. Nor are

efforts of attorneys so ineffective and futile that they cannot, by appeal to the court or the trial judge, correct or overcome failure of duty of a clerk in this respect if there be any. Counsel for appellant are too modest. We rate their ability and resourcefulness higher than they apparently rate them themselves.

*By the Court.*—The judgment of the circuit court is affirmed.