NORTHWESTERN MALLEABLE IRON COMPANY, Respondent, vs. McMAHON, Appellant.

*October 12—November 10, 1936.*

654

For the appellant there was a brief by *Fish, Marshutz & Hoffman,* attorneys, and *Irving A. Fish* and *Alexander Cannon* of counsel, all of Milwaukee, and oral argument by *Mr. Fish* and *Mr. Cannon.*

For the respondent the cause was submitted on the brief of *Wood, Warner & Tyrrell* of Milwaukee.

ROSENBERRY, C. J.   The defendant contends that under the doctrine of *Smith v. Carter* (1910), 141 Wis. 181, 122 N. W. 1035, where the court declared:

"Protraction of litigation may be a serious abuse, and it is the duty of trial courts, independently of statute and under inherent powers, to discourage it as much as possible and to refuse their aid to those who negligently or abusively fail to prosecute the actions which they commence."—

and under sec. 269.25, Stats. 1933, which is as follows:

"*Dismissal for delay.*   The circuit courts and the superior courts may dismiss, upon their own or upon the motion of either party and with or without notice, any and all actions or proceedings pending therein in which issue shall have been joined and which shall not be brought to trial within five years from and after the commencement of such action or proceeding."—

the trial court abused its discretion and was in error in denying his motion to dismiss the action.   This is the only question presented for consideration upon this appeal.

This section was enacted by ch. 119 of the Laws of 1897 and has been considered by this court in a number of cases.

In *Hine v. Grant* (1903), 119 Wis. 332, 96 N. W. 796, it was held that the trial court abused its discretion in refusing to vacate an order dismissing an action for want of prosecution when a continuance over the term had been agreed to by plaintiff's counsel at the request of the attorneys for the defendant.   Due to the continuance the action could not be tried within the five-year period.

In *Smith v. Carter, supra,* it was held that the decision of the circuit court dismissing an action for want of prosecution would be reversed only for a clear abuse of discretion.

In *Pereles v. Christensen* (1916), 164 Wis. 163, 159 N. W. 817, it was held that the section is permissive, not mandatory, and does not bar an action on a note not brought to trial within five years.

In *Condon W. M. Co. v. Racine E. & M. Co.* (1924) 183 Wis. 435, 198 N. W. 268, it was held that a judgment of dismissal under this section will not be reversed unless there is a clear and justifiable excuse for not bringing the action to trial within the prescribed five years.

In *Wisconsin Lumber & Supply Co. v. Dahl* (1934), 214 Wis. 137, 252 N. W. 714, the court said:

"As said in the *Condon Case* (1924), 183 Wis. 435, 437, 198 N. W. 268: 'Unless there is a clear and justifiable excuse for not bringing the action to trial, this court will not reverse the judgment (of dismissal) of the lower court. The record in this case does not show any such excuse.' In the instant case the record does not show any such excuse, taking the offers of proof of the plaintiff as established verities. Had the trial court received the proofs and held the delay excusable, we could not have upheld his decision as the exercise of sound discretion. To do so would have been 'to annul the legislative policy of the state; it would be changing the law instead of enforcing it.' *Lamb v. Shoemaker* (1925), 185 Wis. 323, 327, 200 N. W. 379."

In this case from an affidavit submitted on behalf of the plaintiff by its president it appears that plaintiff from time to time, in the years 1933 and 1934, inquired of his counsel when the case would be reached for trial. In response to these inquiries the plaintiff was advised that the case must await its regular order on the calendar and that there was nothing for the plaintiff to worry about. In 1934, plaintiff becoming concerned over the delay in bringing the action on for trial, and being unable to obtain a satisfactory explanation from counsel, retained other counsel to ascertain the exact status of the case, and whether or not it could be brought on for trial. The plaintiff then learned for the first time that the summons and complaint had never been filed; the plaintiff urged its counsel repeatedly to bring the case on for trial, but notwithstanding its insistence, counsel failed to proceed; thereupon plaintiff requested its counsel to sur-

render the files and give a substitution to other counsel so that the trial of the case might be proceeded with. Under date of April 1, 1935, there was a substitution of counsel, and on April 16, 1935, an order was served, returnable April 20, 1935, requiring the defendant to show cause why defendant's answer should not be stricken and judgment entered. It appears from the files that on the 18th day of April, 1935, the defendant procured an order requiring the plaintiff to show cause on April 20, 1935, why the case should not be stricken from the calendar for want of jurisdiction. Motion to dismiss for want of jurisdiction was denied on the ground that mere delay did not deprive the court of jurisdiction. Thereupon an order requiring the plaintiff to show cause why the action should not be dismissed for want of prosecution was procured, and on September 21, 1935, the motion to dismiss for want of prosecution was denied, this being the order, a review of which is sought in this court. Subsequently the answer was stricken and judgment entered.

In *Wisconsin Lumber & Supply Co. v. Dahl, supra,* the matters urged as an excuse for failure of prosecution were that the plaintiff had made numerous attempts to have the clerk of the circuit court for Kenosha county set the action for trial; that the attorneys for the plaintiff had consulted on three or four occasions with the attorneys for the defendant. In *Wisconsin Lumber & Supply Co. v. Dahl* no activity of the plaintiff itself looking to the bringing on of the action for trial was disclosed, and in that case a review of the judgment dismissing the suit was sought.

In this case, in the exercise of its discretion, the trial court denied the motion dismissing the action. From the affidavit it appears that the plaintiff was assured from time to time that the reason the case was not brought on for trial was the congested condition of the calendar in the circuit court for Milwaukee county. It appears from the affidavit that the

original attorney for the plaintiff advised his client that he thought "from time to time that overtures for settlement might be made by the defendant." No such overtures were in fact made or suggested. It also further appears that there was some personal difficulty between the attorney for plaintiff and Mr. Draves, president of the plaintiff company. Whether this was due to the neglect of counsel or to some other reason does not appear. In this case the plaintiff on its own behalf was as diligent and vigilant as clients usually are who rely upon counsel to keep them advised. A delay of two or three years in the trial of cases is not unusual. Upon the whole case, it cannot be said that the trial court abused its discretion in denying the defendant's motion to dismiss for want of prosecution. We retract nothing from what has been said in former cases respecting the duty of trial courts to prevent delay in the prosecution of actions. There is an additional circumstance present in this case, and that is, there was no defense set up in the answer. The defendant lost nothing and could lose nothing of advantage to him on the trial of the case because no issue was presented for trial.

*By the Court.*—Judgment affirmed.