JOHN A. HELMER v. M. T. NAGLE.[1]

January 28, 1938.

No. 31,465.

*Daggett & Redlund,* for appellant.

*Fowler, Youngquist, Furber, Taney & Johnson* and *Kyle & Kyle,* for respondent.

JULIUS J. OLSON, JUSTICE.

Plaintiff appeals from a judgment entered pursuant to an order dismissing his cause for lack of prosecution.

The significant dates of events leading to the present appeal may be summarized in this fashion: The alleged causes of action arose not later than September, 1929. In March, 1931, plaintiff commenced this action, and during the same month defendant answered, so that from then on the cause has been at issue. On April 1 the first note of issue was served and filed. On October 26, next following, the case was set for trial but was continued on plaintiff's motion. On March 7, 1932, it was again set for trial but stricken from the calendar on plaintiff's motion. Thereafter it was placed in cold storage and so remained until January 7, 1937, when plaintiff's second note of issue was served. On March 18 it was set for trial and continued until April 12 because of defendant's illness. Prior thereto, April 8, defendant served notice of motion, order to show cause, and accompanying affidavits asking for an order dis-

[1]Reported in 277 N. W. 359.

missing the case for lack of prosecution. That matter was heard on April 17, and on the 22nd an order was made granting the motion. On April 28 plaintiff served notice of motion and an order to show cause praying for an order vacating and dismissing the order of April 22, and to reinstate the case on the calendar for trial. That motion was heard May 8. On the 12th an order was made denying that motion and discharging the order to show cause. Later judgment was entered pursuant to the order of dismissal, and this appeal followed.

Plaintiff, in seeking to overturn the order upon which the judgment is based, states in his brief that "a mere matter of delay," absent any "showing of abandonment of the cause of action," and "no showing of prejudice, does not justify the court in depriving the plaintiff of his cause of action or his property." Counsel's excuse for not bringing the case on for trial promptly and within the usual course of expeditious business of this kind is that he had some conversations with defendant and from these was led to believe that a judgment could not be collected, hence that recovery, even if such were had, would be unproductive of any beneficial results to his client; that shortly before the last note of issue was served he had learned that defendant had recuperated so as to be financially responsible, hence that a judgment might be collected.

For a long time it has been the rule, here as well as elsewhere, that "mere failure to bring an action to trial within the prescribed time is a sufficient ground for dismissal, unless the failure to prosecute is excused to the satisfaction of the court." Wheeler v. Whitney, 156 Minn. 362, 364, 194 N. W. 777. Cases from this and other courts are there cited so we need devote neither time nor space to an elaboration of them.

The legislature, in recognition of the desirability of preventing unreasonable delays, by L. 1919, c. 56, § 1, enacted what is now 2 Mason Minn. St. 1927, § 9321, which provides:

"That any district court may dismiss, upon its own or upon the motion of either party, after such notice as the court shall in each case prescribe, any and all actions or proceedings pending therein

in which issue shall have been joined and which shall not be brought to trial within five (5) years from and after the commencement of each action or proceeding."

So we have not only case law as laid down in our own prior cases, but also statutory direction to guide us. The soundness of the rule itself is obvious. We need spend no time on that phase. And that this is a rule generally recognized by courts in other jurisdictions is common knowledge. Wisconsin has the same statutory enactment as we, and many cases have come before that court where this question has been discussed and the statute applied. One of the latest of these is Northwestern Malleable Iron Co. v. McMahon, 222 Wis. 653, 269 N. W. 653, 654. Prior cases decided by that court are there fully reviewed. In quoting from a prior case, the court said (222 Wis. 656): " 'Unless there is a clear and justifiable excuse for not bringing the action to trial, this court will not reverse the judgment [of dismissal] of the lower court. * * *' " In commenting upon the excuse there offered by the party in default it pertinently remarked (222 Wis. 656): "Had the trial court received the proofs and held the delay excusable, we could not have upheld his decision as the exercise of sound discretion. To do so would have been 'to annul the legislative policy of the state; it would be changing the law instead of enforcing it.' " And that also is the holding of the court in McGurren v. Noyes Bros. & Cutler, 65 N. D. 146, 256 N. W. 649.

But we need not extend this discussion any further. We recently held in Conrad v. Certified Ice & Fuel Co. 201 Minn. 366, 367, 276 N. W. 286, 287, "that there was no abuse of discretion in the order under review, but also that the facts are such as to have made the order almost, if not quite, inescapable. It is a clear case of aggravated laches. There is no ground upon which plaintiffs' conduct can have judicial approval or even the condonation implied by a refusal to dismiss." There, as here, plaintiff's argument was founded upon the supposed lack of showing on defendant's part "of actual prejudice" to it. In that regard it is said (201 Minn. 368): "Those cases have no application, for the simple, and very good, reason that

our law, particularly the statute (§ 9321), the delay alone, without more, is enough to warrant dismissal."

If anything further need be said with regard to plaintiff's claimed excuse, an adequate answer may be found by referring to Class Journal Co. v. Valveless Inner Tube Co. 145 N. Y. S. 958, where the court said: "Upon principle it would seem that, if the plaintiff offers as an excuse that it considers it unprofitable to continue the action, that fact merely demonstrates that the neglect was willful and is in itself a good ground for dismissal." See also 18 C. J. pp. 1195-1196 [§ 119], under title "Insufficient excuses."

The judgment is affirmed.

MR. JUSTICE STONE took no part in the consideration or decision of this case.